UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/6/2020
```

IN RE: NOVARTIS AND PAR ANTITRUST LITIGATION

This Document Relates to:

All Actions

1:18-cv-04361-AKH

## [PROPOSED] HIPAA QUALIFIED PROTECTIVE ORDER

THIS COURT enters this protective order in accordance with requirements of the regulations promulgated under the Heath Insurance Portability and Accountability Act of 1996 ("HIPAA"), specifically 45 C.F.R. §§ 164.512(e)(l)(ii)(B), 164.512(e)(l)(v), to enable the production and limit the use or disclosure of "protected health information" (as defined below) in this Action for purposes of prosecuting or defending this action. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. §164.512(e)(1), the Court finds good cause for the issuance of a HIPAA qualified protective order and hereby ORDERS as follows:

1. Defendants have subpoenaed certain pharmacy benefit managers for data and documents pertaining to persons and entities who purchased branded and generic Exforge from them (hereinafter, "Purchasers") for the purpose of defending this action. Thus, this Court finds there is sufficient need for a protective order to ensure the confidentiality of protected health information (as defined below).

2. The Parties and their attorneys are hereby authorized to receive, subpoena and transmit "protected health information" (as defined below) pertaining to the extent and subject to the conditions outlined herein.

3. For the purposes of this HIPAA qualified protective order, the term "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. §§ 160.103

and 164.501; *i.e.*, protected health information is information that (a) has been created or received by a HIPAA covered entity or an employer; (b) relates to (i) the past, present, or future physical or mental condition of an individual; (ii) the provision of care to an individual, or the payment for care provided to an individual; and (iii) identifies the individual or which reasonably could be expected to identify the individual.

4. All "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose protected health information pertaining to Purchasers to attorneys representing the Plaintiffs and Defendants (collectively, the "Parties") in the above-captioned litigation.

5. The Parties and their attorneys shall be permitted to use or disclose the protected health information of Purchasers only for purposes of prosecuting or defending this action, including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

6. The Parties agree that they will not use or disclose Purchasers' protected health information for any purpose other than this litigation. Prior to disclosing Purchasers' protected health information to persons involved in this litigation, the Parties and their attorneys shall inform such persons that Purchasers' protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take reasonable steps to ensure that persons receiving Purchasers' protected health information do not use or disclose such information for any purpose other than this litigation.

7. Within 45 days after the conclusion of the litigation, including appeals, the Parties, their attorneys, and any person or entity in possession of protected health information received from counsel pursuant to paragraph four of this Order, shall return Purchasers'

protected health information to the covered entity or destroy any and all copies of protected health information pertaining to Purchasers, except that counsel are not required to secure the return or destruction of protected health information submitted to the Court.

8. This Order does not control or limit the use of protected health information pertaining to Purchasers that comes into the possession of the parties or their attorneys from a source other than a "covered entity", as that term is defined in 45 C.F.R. § 160.103.

9. Nothing in this Order authorizes counsel for the Parties to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

10. This Order does not authorize either party to seal Court filings or Court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file Purchasers' protected health information under seal.

SO ORDERED    3.6.2020

The Honorable Alvin K. Hellerstein
United States District Judge

Dated: